[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON VARIOUS NOTIONS FILED BY THE PARTIES
1. Defendant's Motion for Modification of Support filed July 25. 1997 and a similar motion filed by plaintiff on July 30, 1997.
This court on November 3, 1997 heard the testimony of both parties on this issue. It also examined the financial affidavit of the parties, which it noted were substantially similar to those filed on February 7, 1997, the date of dissolution and the date on which the existing order of support was stipulated to by both parties. After reviewing all of the evidence, including the exhibits submitted by the parties, the court finds that there has been no material change in the circumstances of the parties since the date of the original order of support, that a modification of said order is not warranted at this time and that the motions of both parties are consequently denied.
2. Defendant's motion filed July 25. 1997 requesting that the court issue orders concerning custody and visitation of the minor children of the parties.
On February 7, 1997 the parties stipulated and this court made part of the judgment a provision that "the matter of child custody and visitation shall be immediately referred for a psychiatric evaluation at the parties 50/50 shared expense, to be reviewed by the court within four months." During the hearing on November 3, 1997 this court received as plaintiff's exhibit four a report on these issues prepared by Anthony J. Campo, Ph.D., dated May 14, 1997 and entitled Family Evaluation.
After reviewing all of the evidence on these subjects, this court adopts in toto the recommendations of Dr. Campo appearing in pages 2 and 3 of this report and orders that they be incorporated into the judgment. It further orders that the minor children may, if they so desire, be permitted to visit with their father in the State of Washington during either their February or Spring vacation provided defendant gives plaintiff at least 60 days notice of his intentions. Said visitation will be subject to the same conditions set forth in the recommendations of Dr. Campo. CT Page 12171
3. Plaintiff's Motion for Contempt and other Relief filed July 30, 1997.
a. To the extent that said garnishment is in conformity with existing federal regulations, plaintiff's request for a court order permitting garnishment of defendant's naval and V.A. retirement monies is granted.
b. Re Contempt:
1. The evidence indicates that defendant has been current in his support payments since May or June of this year, that he was current when plaintiff's motion for contempt was filed, and that he was current on November 3, 1997, the date of the hearing on this motion.
2. With regard to the stock transfer forms, defendant testified that these had been misplaced during his various family moves. Plaintiff is returning substitute forms and defendant is ordered to execute them immediately on receipt thereof.
3. Concerning defendant's disability claim he testified that the denial of this claim is presently on appeal. He further stated that he is making every effort to obtain social security disability payments for his children and himself. He is ordered by the court to inform the plaintiff of any developments or decisions on these subjects.
Plaintiff's motion for contempt is accordingly denied.
c. No costs or attorney's fees are awarded to either party.
By the court,
John D. Brennan Judge Trial Referee